# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Babatunde Beeks,

                Petitioner,

    v.

J.F. Caraway, Acting Warden,

                Respondent.

**MEMORANDUM OPINION AND ORDER**
Civil No. 05-2049 ADM/RLE

---

Babatunde Beeks, *pro se*.

Frank J. Magill, Jr., Assistant United States Attorney, Minneapolis, MN, on behalf of Respondent.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge on Petitioner Babatunde Beeks' ("Petitioner") and J.F. Caraway's ("Respondent") Objections [Docket Nos. 16, 21] to the March 23, 2006 Report and Recommendation ("R&R") of Magistrate Judge Raymond L. Erickson [Docket No. 14]. The R&R grants Petitioner's Petition for a Writ of Habeas Corpus [Docket No. 1] pursuant to 28 U.S.C. § 2241. In its response, Respondent opposes reconsideration of Petitioner's date of Community Confinement Center[1] ("CCC") placement. Shortly after the R&R was filed, the Eighth Circuit issued a decision striking down Bureau of Prison's ("BOP") regulations set forth in 28 C.F.R. §§ 570.20, 570.21. The R&R is adopted.

---

[1] Community Confinement Centers are also referred to as Residential Reentry Centers or, more commonly, halfway houses.

## II. BACKGROUND

In his Petition, Petitioner, currently incarcerated at the Federal Prison Camp in Duluth, Minnesota, argues that the BOP wrongly denied his request to be transferred to a CCC.  On June 18, 1999, Petitioner was sentenced by the United States District Court for the Southern District of Iowa to a 160 month sentence for Conspiracy to Distribute Cocaine Base, in violation of 21 U.S.C. § 846.  Declaration of Angela Buege ("Buege Decl.") [Docket No. 6] ¶ 3.  Petitioner's estimated release date is June 18, 2010.  Id. ¶ 3.

Petitioner has requested that he be placed in CCC.  The BOP informed him that his CCC placement date would be set according to BOP policies, including those set forth in 28 C.F.R. §§ 570.20, 570.21, which sets his hearing for CCC placement "11 to 13 months before an inmate's release date."  Buege Decl. ¶ 5.  Respondent argues that Beeks would be eligible for a maximum of six months of CCC placement.  Response of the United States to Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 at 5 [Docket No. 5].  Petitioner has challenged the validity of 28 C.F.R. §§ 570.20, 570.21, contending that he requires at least six months of CCC placement.  Additionally, Petitioner requests that the BOP be ordered to assess his request within fourteen days.

The R&R found that the reasoning of Elwood v. Jeter, 386 F.3d 842 (8th Cir. 2004), and Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005) should control this case, and on that basis recommended granting the Petition and ordered the BOP to reconsider Petitioner's request for CCC placement in light of the criteria set forth in 18 U.S.C. § 3621(b).  After the Magistrate Judge issued the R&R, the Eighth Circuit directly addressed this issue in Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006).

### III. DISCUSSION

In <u>Fults v. Sanders</u>, the Eighth Circuit held that the regulations set forth in 28 C.F.R.

§§ 570.20, 570.21 are incompatible with 18 U.S.C. § 3621(b).  18 U.S.C. § 3621(b) sets forth a

list of factors to be considered in determining the location of an inmate's incarceration.

However, the Eighth Circuit determined that 28 C.F.R. §§ 570.20 and 570.21, which limit the

time an inmate may serve in a CCC to ten percent of his sentence, imposed categorical decisions

on the factors enumerated in 18 U.S.C. § 3621(b) without consideration of each factor on a case-

by-case basis. 442 F.3d at 1091.  As a result, the Eighth Circuit determined:

> A BOP decision to not transfer an inmate–or, as in this case, a group of
> inmates–requires the same consideration of the § 3621(b) factors as does the
> decision to transfer an inmate to a CCC.  It is impossible for the BOP to consider
> all five factors on a categorical basis.  As such, the BOP's regulation necessarily
> conflicts with § 3621(b) by excluding an entire class of inmates–those not serving
> the final ten percent of their sentences–from the opportunity to be transferred to a
> CCC.

<u>Id.</u> at 1092.  On this basis, the R&R is adopted.

Although the government concedes that <u>Fults</u> controls this issue and does not object to

the substance of the R&R, it contends that Petitioner is not eligible under applicable BOP

regulations for CCC consideration at this time.  Therefore, it asks that Petitioner's request that

his transfer be considered immediately be denied.  As the R&R noted, the BOP is in a unique

position to consider Petitioner's request.  Therefore, the timing of the request will be left to the

judgment of the BOP in accordance with <u>Fults v. Sanders</u>, 18 U.S.C. § 3621(b) and BOP

regulations.  While the Court denies Petitioner's request for CCC assessment within 14 days,

Respondent may not delay Petitioner's hearing for CCC confinement until 11 to 13 months

before his June 2010 release date.

### IV. CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1.      The March 23, 2006 Report and Recommendation of Magistrate Judge Raymond

L. Erickson [Docket No. 14] is **ADOPTED**; and

2.      Petitioner's Petition for a Writ of Habeas Corpus [Docket No. 1] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  June 20, 2006.